UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANNE STEVENSON,

    Plaintiff,

-vs-

CRRC, INC., D/B/A FRANK'S PLACE, a Florida Profit Corporation;

    Defendant.

Case No.: 6:16-CV-129-ORl-37-DAB

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ANNE STEVENSON (hereinafter referred as "Plaintiff"), was an employee of Defendant, CRRC, INC. D/B/A FRANK'S PLACE, (hereinafter referred as "Defendant"), and brings this action for unpaid overtime compensation, unpaid minimum wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

I.    NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor

conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendant overtime and minimum wage compensation, liquidated damages, and reasonable attorneys' fees and costs.

II. PARTIES

2. Plaintiff was an hourly paid, plus tips, service worker and performed related activities for Defendant in Orange County, Florida.

3. Defendant is a family restaurant and sports bar in Ocoee, Florida (Orange County). Therefore, venue is proper in the Middle District of Florida, Orlando, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

### III. JURISDICTION

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

### IV. COVERAGE

5. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

6. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

7. At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, and in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. (i.e. food, beverages, alcoholic beverages, restaurant supplies and equipment, telephones, credit card machines, cash registers, etc.).

8. At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than

$500,000 (exclusive of excise taxes at the retail level which are separately stated).

## V. FACTUAL ALLEGATIONS

9. Defendant employed Plaintiff as a "bartender".

10. In this capacity, Plaintiff was paid the applicable tipped minimum wage per hour.

11. Specifically, Plaintiff earned a rate of pay of $5.03 per hour plus tips in 2015, $4.91 per hour plus tips in 2014, and $4.77 per hour plus tips in 2013.

12. Plaintiff worked for the Defendant from June 1, 2012 through May 01, 2015.

13. Plaintiff worked over forty hours during multiple weeks of employment with Defendant.

14. For the weeks in which Plaintiff worked in excess of forty hours, Plaintiff was not paid the proper overtime rate of one and one half her regular rate of pay for the overtime hours worked.

15. Additionally, Plaintiff worked weeks in which she was not paid at least the minimum wage for every hour she worked.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

16. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-15 above.

17. Plaintiff was entitled to be paid one and one half her regular rate of pay for each hour worked in excess of forty (40) per work week.

18. During her employment with Defendant, Plaintiff regularly worked overtime hours but was not paid proper overtime compensation for same.

19. Specifically, Defendant failed to pay Plaintiff for the hours she worked in excess of forty in a work week.

20. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff one and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

21. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

## COUNT II - RECOVERY OF MINIMUM WAGES

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-15 above.

23. Plaintiff was entitled to be paid not less than the applicable minimum wage for each hour worked during her employment with Defendant.

24. During her employment with Defendant, there were weeks in which Plaintiff was not paid for each hour that she worked.

25. Specifically, there were weeks in which the Defendant reduced the amount of hours paid for on Plaintiff's paycheck to a number that was less than the amount of hours she actually worked that pay period.

26. As a result of Defendant's actions in this regard, Plaintiff has not been paid at least the minimum wage for each hour worked during one or more weeks of employment with Defendant, because her hourly wages were reduced below the applicable Federal minimum wage requirement.

27. Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate her for the same.

28. Defendant willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206 because it was well aware of the minimum wage law requirements but continued its violations.

29. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

30. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a) The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her;

(b)  The payment of all hours at applicable minimum wage rates;

(c)  Liquidated damages;

(d)  Reasonable attorneys' fees and costs incurred in this action;

(e)  Pre- and post-judgment interest as provided by law;

(f)  Trial by jury on all issues so triable;

(g)  Any and all further relief that this Court determines to be appropriate.

Dated this 25th day of January, 2016.

Respectfully submitted,

_____
J. Corey Moore, Esquire
Florida Bar No.: 0093615
Carlos V. Leach, Esquire
Florida Bar No.: 0540021
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Post Office Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 245-3422
Email: JMoore@forthepeople.com
Email: CLeach@forthepeople.com
*Attorneys for Plaintiff*

*JCM/rwm/2661341*