**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ANNE STEVENSON,

    Plaintiff,

v.   Case No. 6:16-cv-129-Orl-37DAB

CRRC, INC.,

    Defendant.

## ORDER

This cause is before the Court on Defendant's Amended Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement and Supporting Memorandum of Law (Doc. 9), filed February 29, 2016. Upon consideration, the Court finds that the motion is due to be denied.

## BACKGROUND

In the instant action, Plaintiff alleges that Defendant violated the Fair Labor Standards Act ("**FLSA**"), and she seeks to recover unpaid overtime compensation and minimum wages. (Doc. 1 ("**Complaint**").) Based on its contention that the Complaint is a shotgun pleading, Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to comport with the pleading standards of Rules 8(a) and 10(b) ("**Motion to Dismiss**"). (Doc. 9). Alternatively, Defendant moves for a more definite statement pursuant to Rule 12(e) ("**Alternative Motion**"). (*Id.*) Plaintiff did not respond.[1] The matter is ripe for adjudication.

---

[1] Plaintiff's response was due on March 17, 2016. *See* Local Rule 3.01(b) (allocating fourteen days to respond); Fed. R. Civ. P. 6(d) (allocating an additional three days to respond). To date, Plaintiff has not responded. In the interest of efficiency, the

**STANDARDS**

Rule 8(a)(2) requires a claimant to plead "a short and plain statement of the claim showing that the pleader is entitled to relief"; it does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, while "a formulaic recitation of the elements of a cause of action will not do," a complaint satisfies Rule 8(a)(2) if it "give[s] the defendant fair notice of what [the plaintiff's] claim is and the grounds upon which it rests." *Id.* Rule 10(b) requires a claimant to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

When a complaint is challenged under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations and disregards unsupported conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. Alternatively, when a complaint is challenged under Rule 12(e), the Court may require the claimant to file a more definite statement if the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).

**DISCUSSION**

Plaintiff's two-count Complaint contains FLSA claims for unpaid overtime wages ("**Count I**") and unpaid minimum wages ("**Count II**"). The crux of Defendant's Motion to Dismiss is that the Complaint constitutes a "shotgun" pleading. (Doc. 1, p. 2.) Specifically,

---

Court will nevertheless rule on the merits of the Motion. The Court cautions, however, that, in the future, failure to respond to motions by the deadlines set forth in the Federal Rules of Civil Procedure and the Local Rules may result in motions being granted as unopposed.

Defendant argues that: (1) "it is impossible to discern which allegations of fact are intended to support which claim(s) for relief" because Counts I and II each incorporate paragraphs one through fifteen of the Complaint; and (2) Plaintiff's claim for recovery of unpaid minimum wages in Count II is fatally inconsistent with paragraph ten of the Complaint, which alleges that Plaintiff was paid the applicable tipped minimum wage per hour[2] ("**Contrary Allegation**"). (*See id.* at 1–2.) The Court is unpersuaded.

As an initial matter, the Complaint is not a shotgun pleading. The U.S. Court of Appeals for the Eleventh Circuit recently delineated four categories of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

Defendant argues that Plaintiff's "incorporation of all preceding allegations into each count of the Complaint constitutes a 'shotgun pleading' which the Eleventh Circuit has repeatedly condemned." (*See* Doc. 9, p. 3.) As such, Defendant contends that the

---

[2] Defendant incorrectly references this allegation as paragraph five of the Complaint. (Doc. 9, p. 2.)

3

Complaint constitutes "[t]he most common type" of shotgun pleading.[3] *See Weiland*, 792 F.3d at 1321. The Court disagrees. Counts I and II only incorporate paragraphs one through fifteen of the Complaint, which include subsections covering the nature of the suit, the parties to the action, Plaintiff's jurisdictional allegations, Plaintiff's allegations that Defendant is an enterprise covered by the FLSA, and Plaintiff's general factual allegations. (Doc. 1, ¶¶ 1–15.) Importantly, Count II does not incorporate the preceding allegations in Count I and is not "a combination of the entire complaint." *See Weiland*, 792 F.3d at 1321. Thus, Plaintiff's Complaint is structurally not the type of shotgun pleading Defendant purports it to be. *See id.* at 1324 (concluding that a complaint which re-alleged paragraphs one through forty-nine at the beginning of each count did not constitute the most common type of shotgun pleading because "the allegations of each count [were] not rolled into every successive count on down the line").

Nor is the Complaint substantively a shotgun pleading. The Complaint does not fail "to give [Defendant] adequate notice of the claims against [it] and the grounds upon which each claim rests." *Id.* at 1323. Indeed, "the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). In both Counts, the Complaint alleges that: (1) Defendant employed Plaintiff as an hourly-paid bartender from June 1, 2012 through May 1, 2015 (Doc. 1, ¶¶ 2, 9, 12, 16, 22); and (2) Defendant was an enterprise covered

---

[3] Indeed, it is readily apparent that the Complaint does not fall into any of the remaining categories of shotgun pleadings.

by the FLSA during the relevant time period. (*Id.* ¶¶ 3, 5–8, 16, 22.) Count I further alleges that Defendant failed to pay Plaintiff overtime compensation for the hours she worked in excess of forty hours a week. (*Id.* ¶¶ 16–19.) Additionally, Count II alleges that, during certain pay periods, Defendant reduced the amount of hours on Plaintiff's paycheck to a number less than the amount of hours she actually worked and, as a result, Plaintiff was not paid the minimum wages to which she was entitled during those time periods. (*Id.* ¶¶ 24–26.)

In light of the foregoing, the Court finds that Plaintiff sufficiently states a claim for unpaid overtime compensation and unpaid minimum wages under the FLSA. As the *Weiland* court so aptly put it, "dismissal under Rules 8(a)(2) and 10(b) is appropriate where 'it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief.'" *Weiland*, 792 F.3d at 1325 (citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996)). "No such virtual impossibility exist[ed] in [*Weiland*]," *id.*, and no such virtual impossibility exists here.

Moreover, the Court rejects Defendant's argument that dismissal is warranted due to the inconsistency between Plaintiff's claim for unpaid minimum wages in Count II and Plaintiff's Contrary Allegation. (*See* Doc. 9, pp. 1–2.) At this stage of the proceedings, the Court is obligated to construe the alleged facts in the light most favorable to Plaintiff, *see Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), and, therefore, must credit Plaintiff's allegations that she "worked weeks in which she was not paid at least the minimum wage for every hour she worked." (Doc. 1, ¶ 15; *see also id.*, ¶¶ 24–26, 29.) Ergo, Defendant's argument fails. The truth or falsity of Plaintiff's allegations will be developed during discovery.

As for Defendant's Alternative Motion, the Court declines to order a more definite statement, as the Complaint is not "so vague or ambiguous that [Defendant] cannot reasonably prepare a response." *See* Fed. R. Civ. P. 12(e); *see also BB in Tech. Co. v. JAF, LLC*, 242 F.R.D. 632, 640 (S.D. Fla. 2007) ("Federal Courts disfavor motions for a more definite statement in view of the liberal pleading and discovery requirements set forth in the Federal Rules of Civil Procedure.")

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Amended Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement and Supporting Memorandum of Law (Doc. 9) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 21, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record